# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-152 (RMC) |
| | ) | |
| TARKARA COOPER, | ) | |
| TONY BRYANT, | ) | |
| BRIAN BRYANT, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

In this criminal case, Defendant Tony Bryant moved *in limine*, via oral motion made during the Court's pretrial hearing on January 5, 2017, to preclude certain statements made by a co-defendant. Tony Bryant's son, co-defendant Brian Bryant, made passing references to his "father" while having a series of phone conversations with the mother of his child. Unbeknownst to Brian Bryant, investigators were recording those phone calls. The Court previously denied Brian Bryant's oral motion to suppress the entire recorded statements. *See* Order [Dkt. 143]. What remains for the Court to decide is whether Brian Bryant's specific references to his father on the recording should be excised to prevent any infringement of Defendant Tony Bryant's Sixth Amendment right to confront witnesses testifying against him. The Court heard arguments in open court on January 5, 2017, and provided both parties with an opportunity to provide supplemental authority.[1]  After considering all arguments, the Court

---

[1] Only the Government ultimately provided supplemental information; Defendant Tony Bryant chose to rely on his oral arguments on January 5.

concludes that Defendant Brian Bryant's references to his father may be admitted along with the rest of the audiorecording.

In *Bruton v. United States*, 391 U.S. 123, 127–28 (1968), the Supreme Court held that certain incriminating statements made by a defendant are inadmissible against co-defendants when the defendant making the statement does not take the stand—thereby depriving co-defendants an opportunity to cross-examine him. Courts have consistently held that *Bruton* applies only to "testimonial" statements. *See, e.g.*, *United States v. Berrios*, 676 F.3d 118, 128–29 (3d Cir. 2012); *United States v. Castro-Davis*, 612 F.3d 53, 65–66 (1st Cir. 2010). Testimonial statements are those "made with the 'primary purpose . . . to establish [facts] potentially relevant to later criminal prosecution.'" *United States v. Rodriguez*, 591 F. App'x 897, 901 (11th Cir. 2015) (quoting *Davis v. Washington*, 547 U.S. 813, 822 (2006)). Statements made outside the court context, such as telephone calls to third parties, are typically not seen as testimonial, even if the call is being monitored and recorded by law enforcement. *See United States v. Berrios*, 676 F.3d 118, 127 (3d Cir.2012) ("Cognizant that a witness who makes a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not . . . we concluded that the surreptitiously monitored conversations and statements contained in the Title III recordings [we]re not testimonial . . . ." (citing *Crawford v. Washington*, 541 U.S. 36, 51 (2004)). While the United States Court of Appeals for the District of Columbia Circuit does not appear to have weighed in on the issue directly, the circuits that have ruled appear to be largely in agreement on the issue.

This Court concludes that the recorded statements made by Brian Bryant are not testimonial for the purposes of *Bruton*, and therefore may be admitted in their entirety without infringing on Tony Bryant's Sixth Amendment rights. Neither the content of the recording itself

nor later statements by Brian Bryant give any indication that any statements he made were for the "primary purpose" of establishing facts relevant to a criminal prosecution. It seems highly unlikely that Brian Bryant would have made any statements at all had he known that the call was being monitored by police.

Accordingly, it is hereby **ORDERED** that Defendant Tony Bryant's oral motion to preclude portions of the audio recording is **DENIED**.

Date: January 23, 2017

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge